### FELTNER v. COMMONWEALTH.

Court of Appeals of Kentucky.

June 8, 1951.

Vernon Faulkner, Faulkner & Faulkner, and Dennis B. Wooton, all of Hazard, for appellant.

A. E. Funk, Atty. Gen., Guy L. Dickinson, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

Oscar Feltner appeals from a conviction of voluntary manslaughter with a penalty of ten years imprisonment imposed.

His brief points to no error except the general statement that he "should have been given a new trial." The long brief recites the evidence. It shows that the question of guilt was one for the jury. If an appellant's lawyer does not find any error in the proceedings, this court will not search the record to find one.

The point that the trial court should have granted a new trial is based upon two statements. One is that "London Clemons and several other persons were present at the time or during part of the time of the trouble" and did not testify. The other statement is that one of the jurors, Green Morris, had visited the scene of the killing and talked to a witness introduced by the prosecution and that the defendant "has been reliably informed" that he stated on voir dire examination that he had not talked with anyone and knew nothing about the case. Aside from the fact that the motion does not even

-claim diligence or what the defendant claimed they would testify, and aside from the omission of any positive statement that the juror had made the statement of which the defendant had been informed, the affidavits in support of the motion are not in the record before us. The clerk of this court has recently received what is certified by the circuit clerk to be affidavits filed in his office. There has been no motion that this be filed here as a supplemental record. There is, of course, no order filing it. Its contents must be ignored. Sec. 756, Civil Code of Practice; Rule 1.220; Childers v. Commonwealth, Ky., 239 S.W.2d 255.